IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STAR PAVING COMPANY,

    Plaintiff,

vs.                                                         Case No. 1:25-cv-00046-DHU-KK

MONITOR CONSTRUCTION, INC. and
ARGONAUT INSURANCE COMPANY,
as Surety,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Monitor Construction, Inc.'s Motion to Dismiss. Doc. 4. After carefully considering Monitor Construction, Inc.'s Motion and the parties' pleadings and briefs, the Court concludes that the Motion will be **DENIED** as moot.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute over two subcontracts between Plaintiff Star Paving Company ("Star Paving") and Defendant Monitor Construction, Inc. ("MCI") related to federal construction projects in Los Alamos, New Mexico (the Los Alamos Project) and Navajo Dam, New Mexico (the Cottonwood Project). In its Complaint, Star Paving alleges breach of contract and tort claims against MCI related to both projects, and a claim for recovery under the Miller Act against Defendant Argonaut Insurance Company, who issued a payment bond as surety for MCI on the two projects. *See generally* Doc. 5. Star Paving alleges that MCI has failed to pay them despite performing all obligations necessary under both agreements. *Id.* at ¶¶ 14-15, 21-22.

1

On April 9, 2025, MCI moved to dismiss Star Paving's Original Complaint under FED. R. CIV. PRO. 12(b)(1), (2), and (6). Doc. 4. In its motion, MCI argues that Star Paving's Complaint suffers two jurisdictional defects. First, Star Paving did not bring the cause of action in the name of the United States as a nominal plaintiff, as required by the Miller Act. *Id.* at 1. Second, Star Paving did not allege that the causes of action were brought within the Miller Act's one-year statute of limitations. *Id.* at 2.

On April 23, 2025, Star Paving filed its First Amended Complaint. Doc. 5. The Amended Complaint names the United States as a nominal plaintiff and includes allegations related to compliance with the Miller Act's statute of limitations with respect to the Los Alamos Project. *Id.* at ¶¶ 17-18. The Amended Complaint does not contain allegations demonstrating compliance with the statute of limitations with respect to the Cottonwood Project. On the same day, Star Paving responded to MCI's Motion to Dismiss, advancing three arguments. First, Star Paving argues it is improper to dismiss all claims against MCI because not all of the claims asserted in the First Amended Complaint are Miller Act claims. Doc. 6. at 2. Second, Star Paving points to its Amended Complaint and argues the first procedural defect is remedied, and the allegations show the statute of limitations did not run on the Los Alamos Agreement. *Id.* at 1-3. Lastly, Star Paving argues that it need not assert compliance with the statute of limitations at the pleading stage. Rather, expiration of the statute of limitations is an affirmative defense properly resolved at the summary judgment stage. *Id.* at 3.

On May 7, 2025, MCI replied in support of its Motion to Dismiss. Doc. 9. MCI acknowledges in its reply that Star Paving's Amended Complaint corrected the first jurisdictional defect by naming the United States as a plaintiff. *Id.* at 1. MCI also acknowledges that Star Paving corrected the second defect with respect to the Los Alamos Project but asserts that the Amended

2

Complaint still contains no allegations regarding compliance with the statute of limitations on the Cottonwood Project. *Id.* at 2. MCI asks the Court to dismiss Star Paving's claims under the Miller Act in connection with the Cottonwood Project. *Id.* On May 13, 2025, MCI filed an Answer to Star Paving's Amended Complaint. Doc. 14.

On August 5, 2025, MCI filed a Motion for Partial Summary Judgment, requesting the Court grant summary judgment as to Star Paving's claim seeking payment under the Miller Act in connection with the Cottonwood Project. Doc. 28 at 2. MCI advances the same argument regarding the Miller Act's statute of limitations as it did in the present Motion to Dismiss. *Id.*

## II. LEGAL STANDARD AND ANALYSIS

The federal rules of civil procedure authorize a court to dismiss a complaint for, among other things, lack of subject matter jurisdiction, lack of personal jurisdiction, or failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1), (2), (6). Within 21 days after service of a 12(b) motion, a party may amend its complaint once as of right. FED. R. CIV. P. 15(a)(1)(B). "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corrections*, 160 F. App'x 730, 734 (10th Cir. 2005). As such, any motion directed at the original complaint is typically rendered moot when an amended complaint is filed. *See Gutierrez v. Johnson & Johnson Int'l, Inc.*, 601 F. Supp. 3d 1007, 1018 (D.N.M. 2022) (denying as moot a motion to dismiss when plaintiff filed an amended complaint "to remedy defects" in the original complaint); *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) (denying as moot a motion to dismiss directed at an original complaint after it was amended). *Cf. Padilla v. City of Farmington, New Mexico*, 782 F. Supp. 3d 1074, 1079 n. 1 (D.N.M. 2025) (refraining from dismissing a motion for summary judgment as moot, even

though an amended complaint was subsequently filed, when the parties expressed an intention to preserve the motion for resolution on the merits).

In this case, MCI's Motion to Dismiss asserts 12(b)(1), (2), and (6) defenses against Star Paving's Original Complaint. Star Paving subsequently filed its First Amended Complaint pursuant to Rule 15(a)(1)(B). *See* Doc. 5. The Amended Complaint seeks to remedy the alleged defects in the Original Complaint. *See* Doc. 5 at ¶¶ 17-18; Doc. 6 at 2. This renders MCI's Motion to Dismiss, directed at the Original Complaint, moot—unless the parties expressed an intention to keep the motion live. *See, e.g., Padilla*, 782 F. Supp. at 1079 n. 1.

That is not the case here. While the parties continued briefing the Motion to Dismiss, MCI acknowledges in its Reply that Star Paving's Amended Complaint renders at least part of their motion moot. Doc. 9 at 1-2. As to the portion of the motion regarding the Cottonwood Project that MCI claims is not moot, *see id.* at 2, MCI later filed an Answer to Star Paving's Amended Complaint, *see* Doc. 14, allowing the case to proceed with discovery. It is also worth noting that MCI acknowledged in its Motion to Dismiss that the Tenth Circuit has typically treated the statute of limitations as an affirmative defense—to be resolved at or after summary judgment—rather than as a jurisdictional issue resolvable in a 12(b) motion. Doc. 4 at 2. *See also* Doc. 6 at 3 (Plaintiff's Response, arguing the same). MCI has since filed a Motion for Partial Summary Judgment, advancing the same arguments with respect to the Cottonwood Project and the statute of limitations under the Miller Act. Doc. 35. Far from expressing an intention to proceed with the merits of the Motion to Dismiss, MCI's subsequent filings instead suggest an intention to resolve this issue at summary judgment.

Therefore, Defendant's Motion to Dismiss Star Paving's Original Complaint must be denied as moot.

## IV. CONCLUSION

For the reasons explained here, it is therefore ordered that Defendant Monitor Construction, Inc.'s Motion to Dismiss (Doc. 4) is **DENIED**. If Defendant wants this Court to consider the merits of its Motion to Dismiss, it must refile it against the operative complaint in this case. The Court will consider and address MCI's Motion for Partial Summary Judgment separately.

IT IS SO ORDERED.

 

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE